```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――――

EVELINE RACIMOR,

                Plaintiff,        24-cv-8256 (JGK)

    - against -               **MEMORANDUM OPINION AND ORDER**

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

                Defendant.

―――――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

The plaintiff, Eveline Racimor, brought this action against the defendant, the Port Authority of New York and New Jersey ("Port Authority"), alleging that she suffered personal injuries because of the Port Authority's negligence in maintaining an escalator at the Oculus in Manhattan. The Port Authority moved to dismiss for lack of subject-matter jurisdiction, contending that the plaintiff failed to comply with the requirements for a notice of claim set forth in § 7108 of the New York Unconsolidated Laws.

Because the plaintiff substantially complied with § 7108's requirements, and for the additional reasons explained below, the Port Authority's motion to dismiss is **denied**.

1

**I.**

Unless otherwise noted, the following facts are taken from the complaint ("Compl."), ECF No. 1, and are accepted as true for purposes of the present motion to dismiss.[1]

**A.**

The Port Authority is a bi-state agency maintained by the states of New York and New Jersey. N.Y. Unconsol. Law § 6404. The plaintiff, Eveline Racimor, is a citizen of France. Compl. ¶ 2.

On March 6, 2024, the plaintiff visited the Oculus, a shopping mall in downtown Manhattan that is owned, maintained, managed, and controlled by the Port Authority. See id. ¶¶ 9-14.[2] While walking around the Oculus, the plaintiff allegedly slipped and fell because of a liquid substance on the floor. Id. ¶ 15. The plaintiff alleges that the liquid substance created a hazard that the Port Authority failed reasonably to correct, despite having a duty to maintain the Oculus in a safe condition. Id.

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.
[2] The complaint makes inconsistent allegations regarding whether the alleged slip-and-fall occurred at the Oculus, which is located at 185 Greenwich Street, or 3 World Trade Center, which is located at 175 Greenwich Street, both in Manhattan, New York. See Compl. ¶¶ 9-22. For purposes of this motion, because the defendant does not challenge the complaint's inconsistent allegations, it is assumed that the allegation is that the slip-and-fall occurred at the Oculus.

¶¶ 16-21. The plaintiff alleges that the fall caused her severe and painful personal injuries. Id. ¶ 22.

**B.**

On May 7, 2024, the plaintiff served a notice of claim on the Port Authority. Id. ¶ 4. The notice of claim was not sworn to by or on behalf of the plaintiff but was signed by the plaintiff's attorney. Pltf's Mem. of Law in Opposition ("Opp."), Exh. A, ECF No. 24-1. On October 30, 2024, the plaintiff filed this action. ECF No. 1. On February 7, 2025, the Port Authority moved to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 16.

In around March 2025, the plaintiff provided the Port Authority with an amended notice of claim dated February 28, 2025. See Opp., Exh. B, ECF No. 24-2. The amended notice of claim was identical to the original, except that it was sworn to by the plaintiff's attorney under penalty of perjury. Id. at 3.

**II.**

To prevail against a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering such a motion, the Court generally must accept as true the material factual

allegations in the complaint. See J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). However, the Court does not draw all reasonable inferences in the plaintiff's favor. Id. Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings to determine whether jurisdiction exists. See Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). In so doing, the Court is guided by the decisional law that has developed under Rule 56. See id.

### III.

The Port Authority argues that subject-matter jurisdiction is lacking because the plaintiff failed to comply with one of the two conditions precedent to the Port Authority's waiver of sovereign immunity. Mem. of Law in Support ("Br.") at 2-4, ECF No. 18; Reply Mem. of Law in Support ("Rep.") at 2-8, ECF No. 25. Specifically, the Port Authority contends that the plaintiff failed to submit a notice of claim that was "sworn to by or on behalf of the claimant" at least sixty days before this action was commenced, as required under §§ 7107 and 7108 of the New York Unconsolidated Laws. In response, the plaintiff argues that she satisfied the statute's jurisdictional requirements because her original notice of claim substantially complied with the requirements of § 7108. Opp. at 4-13. "The parties' briefs assume that New York law controls, and such implied consent is

4

sufficient to establish choice of law." See Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000).

### A.

The Port Authority was created in 1921 pursuant to a bi-state compact between New York and New Jersey. See Dezaio v. Port Auth. of N.Y. & N.J., 205 F.3d 62, 64 (2d Cir. 2000). As a bi-state entity, the Port Authority enjoyed sovereign immunity pursuant to statute until 1951, when the two states enacted identical statutes consenting to suits against the Port Authority, subject to two conditions. See Caceres v. Port Auth. of N.Y. & N.J., 631 F.3d 620, 624 (2d Cir. 2011).[3]

The two "jurisdictional prerequisites to a suit against the Port Authority" are set forth in §§ 7107 and 7108 of the New York Unconsolidated Laws. See Aegis Ins. Servs., Inc. v. The Port Auth. of N.Y. & N.J., 435 F. App'x 18, 25 (2d Cir. 2011). A plaintiff's failure to meet either prerequisite "compels the dismissal of the action for lack of subject-matter jurisdiction." Id.[4]

---

[3] In Hess v. Port Auth. Trans-Hudson Corp., the Supreme Court held that the Port Authority lacks Eleventh Amendment sovereign immunity from federal statutory claims. 513 U.S. 30, 49-52 (1994). Hess, however, "does not bear upon the validity of conditions for waiving sovereign immunity over claims arising under state law." Caceres, 631 F.3d at 625.
[4] As a general rule, "in a federal court, state notice-of-claim statutes apply to state-law claims." Hardy v. N.Y.C. Health & Hosp. Corp., 164 F.3d 789, 793 (2d Cir. 1999) (citing Felder v. Casey, 487 U.S. 131, 151 (1988)).

5

The first condition is that actions against the Port Authority must be commenced within one year after accrual of the cause of action. N.Y. Unconsol. Law § 7107. The second condition is that the plaintiff must serve a notice of claim on the Port Authority at least sixty days before commencing an action against the Port Authority. Id. Section 7108 provides that the notice of claim required under § 7107:

> shall be in writing, <u>sworn to by or on behalf of the claimant or claimants</u>, and shall set forth (1) the name and post office address of each claimant and of his attorney, if any, (2) the nature of the claim, (3) the time when, the place where and the manner in which the claim arose, and (4) the items of damage or injuries claimed to have been sustained so far as then practicable.

Id. § 7108 (emphasis added).

**B.**

The key issue in this case is whether substantial compliance with § 7108's terms is sufficient to meet the statute's notice-of-claim requirement. In interpreting the identical New Jersey statute, that state's high court held that "essential fulfillment of [the statute's] goals and substantial compliance with its terms" is sufficient. <u>Zamel v. Port of N.Y. Auth.</u>, 264 A.2d 201, 203-04 (N.J. 1970) (per curiam). The statute's purpose, the court explained, is to provide the Port Authority with "adequate time for investigation, reasonable opportunity for the preparation of its defense, and reasonable

6

opportunity to effect a settlement before the institution of suit." Id. at 204. That purpose is effectuated, the court held, when the plaintiff substantially complies with the statute's terms by timely serving the Port Authority with a notice of claim that sets forth the four items of information required by the statute. Id. That holding harmonized with New Jersey's "general doctrine of substantial compliance." Id. at 203 (collecting cases).

In general, unlike New Jersey, New York "strictly construe[s]" statutory prerequisites to suit. Matter of N.Y.C. Asbestos Litig., 22 N.E.3d 1018, 1021 (N.Y. 2014) ("Asbestos"). That rule, however, does not apply with the same force to §§ 7107 and 7108 of the Unconsolidated Laws. See id. In Asbestos, without retreating from New York's general rule of strict construction, the New York Court of Appeals distinguished its other precedents interpreting statutory prerequisites to suit and held that, with respect to §§ 7107 and 7108, "consistency between [New York's and New Jersey's] interpretations, where possible, is desirable." Id. The court, however, did not "necessarily adopt in every case against the Port Authority" the "substantial compliance" standard pronounced by the New Jersey Supreme Court in Zamel. Id. In particular, the Asbestos court confirmed the continuing vitality of the "time

7

requirements" set forth in § 7107, which the court described as "the core of the statute." Id. at 1022.

Thus, under New York law, the emergent rule is as follows. The claimant must serve the Port Authority with a notice of claim that contains "the relevant statutory requirements" specified in § 7108, namely, "the claimant, the time and place where the claim arose, the nature of the claim, and 'so far as then practicable' the items of damage or injuries sustained." Id. at 1021 (quoting N.Y. Unconsol. Law § 7108). The information contained in the notice of claim must be "definite enough to fulfill the purpose" of the statute, namely, "to allow the State to investigate the claim and to estimate its potential liability." Id. at 1022. In all cases, the notice of claim must be served on the Port Authority in time to commence suit within one year after accrual of the cause of action, and the plaintiff must wait at least sixty days after serving the notice of claim on the Port Authority before commencing suit. See id. (upholding Luciano v. Fanberg Realty Co., 475 N.Y.S.2d 854 (App. Div. 1984) & Lyons v. Port Auth. of N.Y. & N.J., 643 N.Y.S.2d 571 (App. Div. 1996)).

C.

Under that emergent rule, the plaintiff's original notice of claim in this case "sufficiently met" the requirements of § 7108. See id. at 1021-22. There is no dispute that the

8

plaintiff's notice of claim "specif[ied] the claimant, the time and place where the claim arose, the nature of the claim, and so far as then practicable the items of damage or injuries sustained." See id. at 1021. The notice of claim was deficient in only one respect—it was unsworn. Opp., Exh. A. That oversight, however, did not prevent the notice of claim from fulfilling the statute's purpose: "to allow the State to investigate the claim and to estimate its potential liability." See Asbestos, 22 N.E.3d at 1022. Indeed, "[i]t is hard to see how" the plaintiff's providing a sworn version of the exact same notice of claim "could have been necessary to an investigation." Cf. id.

Moreover, the Asbestos court stressed that "consistency between [New York's and New Jersey's] interpretations, where possible, is desirable." Id. at 1021. And the relevant facts in this case provide a close match with Zamel. In Zamel, the plaintiff alleged that he "suffered personal injuries when he fell on an icy parking lot at the Newark Airport." 264 A.2d at 201. Several months after the alleged slip-and-fall, the plaintiff's lawyer sent an unverified letter to the Port Authority that contained, in substance, the four items of information required by the statute. Id. at 201-02. More than six months later, the plaintiff's lawyer sent a second, verified letter to the Port Authority that formally set forth the four

9

statutory requirements. Id. at 202. Less than sixty days after sending the second, verified letter, the plaintiff sued the Port Authority. Id. On that record, the Zamel court found that the plaintiff's delay in providing a sworn letter did not prejudice the Port Authority's ability to investigate, prepare a defense, and consider settlement. Id. at 203-04. Thus, based on the plaintiff's substantial compliance with the statute, the Zamel court reversed the trial court's judgment of dismissal. Id.

As in Zamel, the plaintiff in this case served on the Port Authority, more than sixty days before commencing suit, an unsworn notice of claim that substantially complied with the statute's requirements. Compl. ¶ 4; Opp., Exh. A. The only difference is that, whereas the Zamel plaintiff served the second, verified letter prior to commencing suit, 264 A.2d at 202, the plaintiff in this case served the second, sworn notice of claim after commencing suit, see Opp., Exh. B. Under the governing standard, however, that difference is immaterial. Whether sworn or not, the plaintiff's original notice of claim contained "the relevant statutory requirements" specified in § 7108. See Asbestos, 22 N.E.3d at 1021. Those items of information allowed the Port Authority "to investigate the claim and to estimate its potential liability." See id. at 1022. Indeed, the Port Authority does not argue that the unsworn

10

nature of the plaintiff's notice of claim impeded any such investigation.

In short, this case and Zamel are materially indistinguishable. See 264 A.2d at 202. And under New York law, reaching a holding consistent with Zamel is "desirable." Asbestos, 22 N.E.33d at 1021; see also Asiana Airlines, Inc v. Port Auth. of N.Y. & N.J., No. 96-cv-1470, 1996 WL 480797, at *3 (E.D.N.Y. Aug. 8, 1996) (applying Zamel's substantial compliance standard).

Accordingly, because the plaintiff's unsworn notice of claim substantially complied with the requirements of § 7108, and it is not disputed that the plaintiff otherwise complied with the requirements set forth in §§ 7107 and 7108, the Port Authority's motion to dismiss for lack of subject-matter jurisdiction is **denied**.

**D.**

Relying on numerous cases decided before Asbestos, the Port Authority argues that a notice of claim that is "not sworn to" is "insufficient as [a] matter of law." See, e.g., Green Apple Cleaners, LLC v. Ez Pass N.Y., No. 651343/12, 2013 WL 4052807, at *2 (N.Y. Sup. Ct. Aug. 2, 2013). Prior to Asbestos, the Appellate Division, First Department, had held that dismissal for lack of subject-matter jurisdiction was proper where the "plaintiff failed to comply with the specific requirements" set

11

forth in § 7108. City of N.Y. v. Port Auth. of N.Y. & N.J., 726 N.Y.S.2d 261 (Mem), 262 (App. Div. 2001). And this court is generally bound "to apply the law as interpreted by New York's intermediate appellate courts" unless persuasive evidence suggests that the New York Court of Appeals "would reach a different conclusion." Pahuta v. Massey-Ferguson, Inc., 170 F.3d 125, 134 (2d Cir. 1999); see also Privat Air, S.A. v. Port Auth. of N.Y. & N.J., No. 05-cv-2213, 2007 WL 2089285, at *2-3 (E.D.N.Y. July 19, 2007) (noting, pre-Asbestos, that there was "no reason to conclude that the New York Court of Appeals would reach a conclusion different from those of its intermediate courts that have found strict compliance with § 7108 to be a condition precedent to the Port Authority's waiver of sovereign immunity").

In Asbestos, however, the New York Court of Appeals reached a different conclusion. 22 N.E.3d at 1021. Asbestos clarified that § 7108 is satisfied where the information contained in the notice of claim is "definite enough to fulfill the purpose of the notice[-of-]claim requirement." Id. at 1022. In so holding, Asbestos abrogated any inconsistent prior decisions. See id.

Moreover, after the Asbestos decision, no court has held that the submission of an unsworn notice of claim that otherwise meets the requirements of §§ 7107 and 7108 requires dismissal for lack of subject-matter jurisdiction. In Tutor Perini

12

Building Corp. v. Port Authority, the Appellate Division, First Department, rejected the plaintiff's contention of substantial compliance based an unsworn notice of claim. 198 N.Y.S.3d 81 (Mem), 82 (App. Div. 2023). But it was not the unsworn character of the notice of claim that was fatal. See id. Rather, the notice "accuse[d] the developer of a breach," and thus "fail[ed] to give the Port Authority a notice of claim that satisfie[d] the content and service requirements specified in [§] 7108." Id.; accord Conn v. Tutor Perini Corp. 105 N.Y.S.3d 508, 682 (App. Div. 2019). Indeed, the appellate court noted that Asbestos "recognized that a plaintiff can substantially comply with the statute in an appropriate case." Tutor Perini Building Corp., 198 N.Y.S.3d at 82. This is such an appropriate case.

Accordingly, the pre-Asbestos cases that the Port Authority relies on are not persuasive.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the defendant's motion to dismiss for lack of subject-matter jurisdiction is **denied.**

The time for the defendant to answer the plaintiff's complaint is **July 18, 2025.** The parties are directed to submit a Rule 26(f) report by **July 31, 2025.**

13

The Clerk is directed to close ECF No. 16.

**SO ORDERED.**

**Dated:**   New York, New York
         June 3, 2025

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　**United States District Judge**

14